# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-516V
Filed: June 29, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | **UNPUBLISHED** |
| BETH BRITT, | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | |
| v. | * | Petitioner's Motion for Decision; |
| | * | Tetanus-Diphtheria-acellular |
| SECRETARY OF HEALTH | * | Pertussis ("TDaP") Vaccine; |
| AND HUMAN SERVICES, | * | Transverse Myelitis ("TM"). |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

Diana Stadelnikas Sedar, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner.
Alexis Babcock, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On May 19, 2015 Beth Britt ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleged that the administration of a Tetanus-Diphtheria-acellular-Pertussis ("TDaP") vaccine on August 14, 2012 caused her to suffer from transverse myelitis. The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

On June 22, 2016, Petitioner filed a Motion for a Decision on the Record. According to the motion, Petitioner continues to suffer from residual sequelae of transverse myelitis, but does not intend to file a medical expert opinion regarding vaccine causation. Petitioner requests that the undersigned issue a final decision on the existing record.

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that she

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that she suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that her injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

Therefore, the only alternative remains to DENY this petition. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master